UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | MISCELLANEOUS ACTION |
| § | NO. 1:20-MC-104 (1:19-PO-4293) |
| FELIX PEDRO ESPINOZA-MELENDEZ § | |

**OPINION AND ORDER**

Defendant Felix Pedro Espinoza-Melendez appeals the sentence that the Magistrate Judge imposed after revoking Espinoza's probation. After considering the record in the case, the recording of the sentencing proceeding, the parties' briefs, and the applicable law, the Court affirms the Magistrate Judge's sentence.

**I.     Procedural Background**

In August 2019, Espinoza received a sentence of one-year unsupervised probation for violating 8 U.S.C § 1325(a). The United States deported Espinoza to his home country of Nicaragua after his release.

In November 2019, Espinoza was arrested in the United States and charged with several misdemeanor offenses under Texas law, including Assault Causes Bodily Injury-Family Violence. In January 2020, he was convicted of those offenses.

On January 8, 2020, Espinoza was remanded to federal custody. Two days later, he was convicted of again violating 8 U.S.C. § 1325(a) and sentenced to thirty days. (1:20-PO-00100, Judgment, Doc. 3)

The state and federal convictions violated the terms of Espinoza's probation in this matter. On February 5, 2020, the Magistrate Judge held a hearing where Espinoza plead true to committing the state offenses of Assault Causes Bodily Injury-Family Violence, Evading Arrest/Detention, and Criminal Mischief, as well as the federal offense of Illegal Entry into the

United States. (Petition, Doc. 4; Judgment of Revocation, Doc. 8)[1] After finding Espinoza guilty of violating the conditions of his probation, the Magistrate Judge imposed a sentence of six months confinement with credit for time served. (Judgment of Revocation, Doc. 8)

Espinoza timely appealed from that sentence under Federal Rule of Criminal Procedure 58.

II.     **Standard of Review**

"Federal Rule of Criminal Procedure 58(g)(2) governs appeals from a magistrate judge's order or judgment in the criminal context." *United States v. Brantley*, 776 F. App'x 853, 854 (5th Cir. 2019). A defendant may appeal a magistrate judge's sentence to a district court judge within 14 days of the judgment's entry. FED. R. CRIM. P. 58(g)(2)(A). The district court's review of a "magistrate judge's judgment is the same as in an appeal to the court of appeals from a judgment entered by a district judge". *United States v. Hollingsworth*, 783 F.3d 556, 558 (5th Cir. 2015) (citing FED. R. CRIM. P. 58(g)(2)(D)). "The defendant is not entitled to a trial de novo by a district judge." FED. R. CRIM. P. 58(g)(2)(D).

A sentence imposed after revocation of probation is reviewed under the "plainly unreasonable" standard. *United States v. Kippers*, 685 F.3d 491, 496 (5th Cir. 2012) (citation omitted). "To evaluate whether a sentence is plainly unreasonable, [the] court must first ensure that the [magistrate judge] committed no significant procedural error, such as failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including failing to explain a deviation from the Guidelines range." *Id.* "If the [magistrate judge's] sentencing decision lacks procedural error, [the] court next considers the substantive reasonableness of the sentence imposed." *Id.* "A sentence is substantively unreasonable if it (1) does not account for a factor that should have

---

[1] Espinoza suggests in his appeal that he pled true only as to the first allegation, which concerned the conviction for Assault Causes Bodily Injury-Family Violence. (Brief in Support of Appeal, Doc. 3, 1) The recording of the proceeding indicates that he pled true as to all the alleged violations, and the Government's brief confirms as much. (Government's Response, Doc. 4, 2) The Court finds that Espinoza pled true as to all the alleged violations, but even if Espinoza had pled true only as to the first allegation, the Court would still affirm the Magistrate Judge's sentence.

received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (citation and quotations omitted). The review is highly deferential because "the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *United States v. Hebert*, 813 F.3d 551, 563 (5th Cir. 2015) (citation and quotations omitted). "Implicit consideration of the § 3553 factors is sufficient." *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996)

### III. Analysis

Espinoza argues that the six-month sentence imposed by the Magistrate Judge "was excessive and not based on the mitigating factors of 18 U.S.C. § 3553(a)." (Defendant's Brief in Support of Appeal, Doc. 3, 2)

The record reflects otherwise. The Magistrate Judge explained that he was imposing a six-month sentence because Espinoza not only came back to the United States illegally during his term of probation, but committed additional offenses, including assault causing bodily injury, while here. The Magistrate Judge's explanation relies on one or more of the factors in 18 U.S.C. § 3553(a), such as the need to protect the public from future crimes of a defendant. Although the Magistrate Judge did not expressly reference Section 3553(a), his explanation implicitly stemmed from the factors in that provision. As a result, the record reveals no procedural errors.

The Court also finds that the six-month sentence is substantively reasonable and that the Magistrate Judge did not abuse his discretion by imposing it. The record contains no indication that the Magistrate Judge failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing the sentencing factors. On the contrary, the Magistrate Judge provided a

reasonable basis for the imposed sentence, which did not exceed the length of imprisonment that the applicable law allows.

## IV. Conclusion

Accordingly, it is:

**ORDERED** that the sentence imposed in 1:19-PO-4293 is **AFFIRMED**.

SIGNED this 5th day of March, 2020.

                                              Fernando Rodriguez, Jr.
                                              United States District Judge